James P. **MITCHELL,** Secretary of Labor, United States Department of Labor (Arthur J. Goldberg, Secretary of Labor, substituted as party appellant in the place and stead of James P. Mitchell, resigned), Appellant),

v.

Perry **RILEY,** Appellee.

No. 18790.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1961.

Bessie Margolin, Asst. Sol., Jacob I. Karro, Atty., Dept. of Labor, Washington, D. C., Beverley R. Worrell, Reg. Atty., Dept. of Labor, Birmingham, Ala., Charles Donahue, Sol. of Labor, Jack H. Weiner, Attorneys, Dept. of Labor, Washington, D. C., for appellant.

. Alan F. Rothschild, J. Madden Hatcher, Columbus, Ga., C. C. Torbert, Jr., Yetta G. Samford, Jr., Opelika, Ala., Hatcher, Smith, Stubbs & Rothschild, Columbus, Ga., Samford & Torbert, Opelika, Ala., for appellee.

Before HUTCHESON, RIVES, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The Secretary of Labor brought this action under Section 16(c) of the Fair Labor Standards Act, 29 U.S.C.A. § 201–219, to recover unpaid minimum wages for four claimants employed by the defendant. The defendant did not contest the applicability of the Act, and the only issue below was whether the claimants had been paid at least a dollar an hour as required by Section 6 of the Act. At the close of the evidence, the trial judge directed a verdict for the defendant on the ground that the plaintiff's evidence was so speculative that the jury could not reasonably determine the back wages owed by the defendant. We reverse and remand the case for a new trial.

Perry Riley, the defendant, resides in Phenix City, Alabama, where for eight or nine years he has operated a small trucking business. He delivers bricks from the near-by Bickerstaff Brick Company to various points in Alabama and Georgia within about a forty-mile radius of Phenix City. The claimants were employed as truck drivers' helpers. Riley's employees reported to the brick yard six mornings a week, at seven during the summer and at seven-thirty in the winter, to receive their assignments for the day. When told to make a trip, the two or three men attached to a truck would load the bricks, 5000 to a load, drive the truck to the delivery point, unload the bricks, and return to make another trip. They were paid at a stated rate, which varied with the length of the trip, rather than on an hourly basis. There is a conflict in testimony whether the amounts paid for the trips were sufficient to equal the prescribed minimum wage of one dollar an hour. Since this is an appeal from a directed verdict against the plaintiff, however, we look to the evidence favorable to the plaintiff. Archie Lee Cotton, one of the employees, testified that he was regularly paid $2.75 a load although it generally took from three to four hours to load the truck and complete the trip. Another employee, Benny Chadwick, stated that he was paid $2.75 for trips to Columbus requiring four hours and for trips to Opelika requiring six hours. The Wage and Hour investigator, Arnold Gustafson, testified that when he visited the defendant in December 1959 Riley admitted that the workers had worked four and a half hours and had been paid only three dollars. The employees testified that frequently they were required to wait at the yard in the morning for several hours before learning whether there would be a trip for them to make, and that they were not paid at all for this waiting time. They estimated that counting both the working and the waiting time they had been paid approximately fifty to sixty cents an hour. Riley admittedly failed to preserve the daily time slips as he was required to do under 29 U.S.C.A. § 211 (c) and 29 C.F.R. (1961 Supp.), Sec. 516.-6.

The trial judge instructed the jury that the evidence was sufficient to support a jury verdict that Riley did not pay the prescribed minimum wages but he directed a verdict in favor of the defendant.

**616**

He concluded (1) that the proper remedy in this type of case is an injunction, not a suit for back pay, and (2) that the evidence was too speculative to afford a basis for a jury verdict as to the number of hours the employees worked.[1]

■ 1. Congress has decided that the Secretary of Labor may sue for back pay due employees; the statute expressly authorizes such a suit and the availability of one remedy does not affect the availability of the other. 29 U.S.C.A. §§ 216 (b) and 217. An injunction is a preventive remedy. It puts no back wages in the pockets of underpaid workers.

■ 2. The case below was decided before our recent decision in Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721. In that case the district judge, sitting without a jury, entered judgment for the defendant on the ground that although there was a violation of the Fair Labor Standards Act and certainty of some damages (as in this case), the extent of the damages was difficult to ascertain and any judgment for the plaintiff would necessarily be speculative. There too the employer failed to keep required records. This Court reversed the judgment for the defendant, pointed out that an employer who has violated his statutory duty to keep records cannot complain that matters are left in great uncertainty, and in effect ordered the fact finder to do the best he could

in assessing damages. That decision rests, and this one also, upon Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. In that case, in a similar situation, the Supreme Court ruled:

"The solution * * * is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the

---

1. In directing the jury to return a verdict in favor of the defendant, the district judge stated: "Now, the evidence in this case as to the fact that these employees did work without proper pay is, in my judgment, sufficient; there is no question but that the books and the evidence and the records in this case reflect that Riley was not paying his employees according to the Fair Labor Standards Act, but this type of a case is not the proper remedy. An injunction against Riley to keep him from continuing to do it in the future is a proper remedy, and that is not what we have here in this particular case. But in this case, even though the evidence reflects that he has not been properly paying his employees, and possibly is not properly paying them now

according to the Fair Labor Standards Act, the extent that these employees are alleged to have worked, and the number of hours that they are alleged to have worked, is, according to the evidence in this case, so remote and so speculative and so uncertain that, in my judgment, [74] it will be impossible for this jury to intelligently determine the number of hours due, or the number of hours worked by these four employees involved in this particular case. In my judgment the evidence in this case affords this jury no basis for a reasonable inference as to the number of hours either of the employees involved in this litigation actually worked, and I direct that this jury enter a verdict for the defendant in this case."

employee, even though the result be only approximate. * * * " 328 U.S. at 687–688, 66 S.Ct. at 1192.

The judgment is reversed and the case remanded for proceedings not inconsistent with this decision.