**W. Willard WIRTZ, Secretary of the United States Department of Labor, Plaintiff,**

v.

**CHAIN SINGH, Defendant.**

**Civ. No. 5854.**

District Court, Canal Zone.

May 25, 1965.

240

Morton J. Marks, Regional Atty., U. S. Dept. of Labor, Santurce, P. R., for plaintiff.

Woodrow De Castro, De Castro & Robles, L. S. Carrington, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) to enjoin defendant Chain Singh from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act and to enjoin said defendant from withholding payment of unpaid minimum wages and overtime compensation alleged to be due to four employees, plus interest and costs.

The cause was tried before the Court, sitting without a jury, at Balboa, Canal Zone, on May 5, 6 and 7, 1965. Having considered the oral testimony of the witnesses and exhibits to their testimony, stipulations of fact appearing in the pretrial order and entered into by the parties in open court, arguments and statements of counsel, and being otherwise fully advised in the premises, the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Defendant Chain Singh resides in the Republic of Panama and at all times hereinafter mentioned was the owner of a business engaged in the demolition of

buildings and other structures in the Canal Zone.

2. During the period from April 8, 1963 to June 15, 1963, defendant employed Alfred Bishop, Leonard O. Bishop, Andrés M. Maza and Allan W. Roberts in demolition activities at France Field, Canal Zone. The work involved the removal of tanks and pipes and their transportation to the Republic of Panama.

3. During the period from December 9, 1963 to January 27, 1964, defendant employed Andrés M. Maza and Allan W. Roberts in the demolition of Building No. 275 at Fort Davis, Canal Zone. The salvage material obtained from such demolition work was transported to the Republic of Panama.

4. During the period from May 4, 1964 to June 27, 1964, defendant employed Alfred E. Bishop and Allan W. Roberts in demolition activities in each workweek at France Field, Canal Zone. This work involved the removal of tanks and loading thereof onto trailers at France Field and their subsequent transportation to, and unloading at, Cativa, Republic of Panama.

5. The employees, their periods of employment, and rates of pay during the period involved are as follows:

| Name | Workweek Period | | Rate of Pay |
| | Beginning | Ending | |
| --- | --- | --- | --- |
| Alfred E. Bishop | April 13, 1963 | June 15, 1963 | $1.15 |
| | May 9, 1964 | June 27, 1964 | 1.25 |
| Leonard O. Bishop | April 13, 1963 | June 15, 1963 | 1.15 |
| Andrés M. Maza | April 27, 1963 | June 15, 1963 | 1.15 |
| | December 14, 1963 | December 27, 1963 | 1.25 |
| Allan W. Roberts | April 13, 1963 | June 15, 1963 | 1.15 |
| | December 14, 1963 | January 27, 1964 | 1.25 |
| | May 9, 1964 | June 27, 1964 | 1.25 |

6. Defendant failed accurately to record the daily and weekly total hours worked by his employees. In this regard, defendant furnished time records only for the France Field project in 1963. These records show substantially fewer hours with more wages paid, than those recorded by Alfred Bishop in his personal time book and than those testified to by Bishop and the other employee witnesses. This evidence shows that the employees regularly worked from 7:00 a. m. to 6:30 p. m., six days a week, plus two Sundays worked by Roberts and Alfred Bishop, for $40.00 per week. I find the testimony and evidence presented by plaintiff to be convincing and to the extent that defendant's records do not conform to such evidence, I find them to be incorrect.

Defendant furnished no time records for either the Fort Davis project or for work at France Field in 1964. Plaintiff presented records kept personally by employees of hours worked as well as oral testimony as to hours worked and wages paid. The employees also testified and defendant admitted that the payrolls for all projects were signed in blank. I find all of the above-mentioned evidence presented by plaintiff to be convincing. This evidence shows that at Fort Davis, the employees were paid at the rate of $1.00 per hour for workweeks averaging 40 hours. In addition, it shows that employees who worked for defendant in the removal and transportation of tanks from France Field in 1964 were paid at the rate of approximately 50 cents per hour

for all hours worked in the workweek. In such period I find that Alfred E. Bishop worked 64½, 56, 54, 43½, 46 and 47 hours in each workweek. I also find that Allan W. Roberts worked 62½, 50½, 48, 44½, 48, 46 and 47 hours in each such workweek.

7. Based on the evidence, I find that during their terms of employment by defendant the following employees were underpaid under Sections 6 and 7 of the Act in the following amounts:

| Name | Amount |
| --- | --- |
| Alfred E. Bishop | $1,105.86 |
| Leonard O. Bishop | 537.83 |
| Andrés M. Maza | 451.78 |
| Allan W. Roberts | 1,286.29 |

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause.

2. The defendant at all times material to this case has been an employer within the meaning of the Fair Labor Standards Act.

3. Each of the defendant's employees referred to in plaintiff's complaint has been engaged in commerce or in the production of goods for commerce throughout his entire period of employment involved in this cause.

4. Defendant, by failing to maintain adequate and accurate records of the hours worked and wages paid to his employees, violated Sections 11(c) and 15(a)(5) of the Act.

5. Defendant has violated the minimum wage (Section 6) and overtime (Section 7) provisions of the Act.

6. Because of defendant's failure to keep accurate records of hours worked each week by his employees, the Court cannot reconstruct the wages that are due with mathematical certainty. However, the mere fact that the determination of unpaid wages to employees has to be made upon uncertain evidence, because of the employer's failure to keep the required records, is no ground for defeating liability for back wages due to the employees. In such a situation, the fact finder is required to do the best he can even if the result is based on estimates and approximations and arrived at by the use of mathematical formulas. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Mitchell v. Mitchell Truck Lines, Inc., 286 F.2d 721 (C.A. 5); Mitchell v. Riley, 296 F.2d 614 (C.A. 5).

7. Plaintiff is entitled to a judgment enjoining the defendant from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and enjoining the defendant from continuing to withhold unpaid minimum wages and overtime compensation due under the Act in the amounts set forth to the employees named in Finding of Fact No. 7, and in the total amount of $3,381.76.

8. The plaintiff is entitled to interest on the accrued back wages found owing to each of the above-named employees at the rate of six per cent (6%) from the median point of each employee's period of employment involved until paid, plus the costs of this action. Mitchell v. Tampa Cigar Co., 14 WH Cases 38; 36 Labor Cases Para. 65,198 (S.D.Fla., 1959); Mitchell v. Gulf Coast Express, 15 WH Cases 73; 42 Labor Cases Para. 31,093 (E.D.La., 1960), appeal dismissed 288 F.2d 890 (C.A. 5); Mitchell v. DiVincenti Bros., 15 WH Cases 53; 42 Labor Cases Para. 31,092 (E.D.La., 1961); Goldberg v. Everbest Meat Products, Inc., D.C., 199 F.Supp. 533, 537; Wirtz v. Burroughs, 16 WH Cases 362; 48 Labor Cases Para. 31,478 (W.D.S.Car., 1963) and Wirtz v. Atlas Metal Spraying Co., 16 WH Cases 366; 49 Labor Cases Para. 31,551 (E.D.Pa., 1963).

Let judgment be entered accordingly.