Willem J. BOOGERS, Plaintiff,

v.

JOSEPH G. MORETTI, INC.

and

Nat G. Harrison Overseas Corporation, Defendants.

Civ. No. 5847.

District Court, Canal Zone, Balboa Division.

Dec. 8, 1965.

De Castro & Robles, Balboa, Canal Zone, for plaintiff.

Henry L. Newell, Balboa, Canal Zone, and Lucien G. Woodard, Miami, Fla., for defendants.

CROWE, District Judge.

## STATEMENT OF CASE

The plaintiff, Willem J. Boogers, brought this action against the joint venture known as Joseph G. Moretti, Inc. and Nat G. Harrison Overseas Corporation claiming that he is entitled to overtime compensation, liquidated damages and an attorney fee pursuant to the provisions of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C., Chapter 8. Plaintiff claims that the joint venture was engaged in the performance of Contract Number PC–2–862 with the Panama Canal Company for the widening of the

Bas Obispo-Las Cascadas Reaches of the Panama Canal Company, and that he was employed by them as a clerk for the preparation of payrolls and other clerical duties. He says that this employment began on January 16, 1963 and continued through September 30, 1964, and that he was paid $100 per week to work 40 hours, at the beginning of his employment, and later received a raise to $110 a week for 40 hours, which was the amount he was making when his employment terminated.

The plaintiff states that actually he worked many more hours than the 40 hours agreed upon and that he kept careful and detailed diaries showing the hours of overtime worked and that he should be paid at the rate of time and a half for his regular hourly wage for these overtime hours.

The plaintiff asserts that he has requested payment from the defendants and the defendants refuse payment.

The defendants state that the plaintiff is not entitled to the overtime requested; that he was fully paid under an agreed weekly salary arrangement, and the defendants deny any liability.

## FINDINGS OF FACT

1. The plaintiff, Willem J. Boogers, was employed as an office clerk by the defendants and his duties were typing pencil prepared correspondence, preparing payrolls from the time books, calculating the pay, and preparing checks for distribution to the employees of the joint venture.

2. The defendants, Joseph G. Moretti, Inc. and Nat G. Harrison Overseas Corporation, were at all times during the plaintiff's employment engaged as a joint venture in the performance of Contract Number PC–2–862 with the Panama Canal Company for the widening of Bas Obispo-Las Cascadas Reaches of the Panama Canal Company.

3. The Panama Canal is an international waterway that is used for interstate and international commerce and by a treaty with the Republic of Panama, it is under the operation and control of the United States and subject to the laws enacted by the Congress of the United States.

4. The plaintiff began his employment with the defendants on January 16, 1963 and was paid $100 a week from that date until May 8, 1963, which is $2.50 an hour, when based upon a 40-hour week. The diaries kept by the plaintiff show that he worked longer than eight hours per day on many days and also on Saturdays and there was accumulated 136 hours of overtime employment. The rate of time and a half at the regular rate of $2.50 per hour would be $3.75 which multiplied by the 136 hours, totals $510.-00.

5. The plaintiff received a $10 weekly raise which began on May 9, 1963, and he was paid, therefore, at the rate of $110 per week from that date through September 30, 1964, when his employment terminated. The basic pay per hour for a 40-hour week at that rate of pay is $2.75. The overtime, or time and a half rate, is $4.12½ per hour. Plaintiff's diaries show that he worked longer than eight hours on certain days during this period and also on Saturdays, and his diaries show that he worked a total of 719 hours overtime during this period, making a total, at the overtime rate, of $2,965.88.

6. The extra hours that the plaintiff listed in his diaries were not kept on the payroll records of the defendants as he was restricted by his superiors to listing himself there as receiving a weekly salary and not an hourly wage, and he kept his diaries by checking against the notes maintained by the watchmen at the gate of entry to the area where the defendants were performing the construction contract. The gate was a mile and a half from the office where plaintiff was employed and did his work.

7. The defendants were sincere in their thought that the weekly pay plan with the plaintiff was a proper contract under the Wage and Hour Laws, but there is no evidence to the effect that they took any steps to determine whether or not they were complying with the

Fair Labor Standards Act in their employment relationship with the plaintiff.

8. Defendants knew that the plaintiff was working longer than the 40-hour week period and that he was working on Saturdays, and the $10 raise given him on May 9, 1963 was an attempt to compensate him for the extra work.

9. Plaintiff never made known to the defendants that he was claiming extra pay or overtime for his extra hours of work until after his employment was terminated. He was planning to make such demands and corresponded with the United States Department of Labor office in Santurce, Puerto Rico by letter of September 9, 1963. He received a reply advising him of his rights under Section 7 of the Fair Labor Standards Act in a letter dated September 16, 1963 and signed by the supervisor of the Santurce Field Office. In spite of this knowledge and in spite of his position in calculating payrolls for the firm, he took no steps to notify the joint venture that he was demanding overtime, and in fact, indicated that he was satisfied with his employment and pay.

10. From the evidence, therefore, it is determined that during the plaintiff's term of employment he was not fully paid in accordance with Section 7 of the Fair Labor Standards Act in the amounts of $510.00 and $2,965.88 and he is entitled, therefore, to the sum of the total of these figures, which is $3,475.88.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause of action.

2. The defendants at all times material to this action were employers within the meaning of the Fair Labor Standards Act.

3. The defendants' employee, Willem J. Boogers, the plaintiff herein, has been engaged in commerce throughout his entire period of employment within the meaning of the Fair Labor Standards Act.

4. The defendants have violated the overtime provisions of the Fair Labor Standards Act as recited in 29 U.S.C., Chapter 8.

5. The defendants failed to keep accurate records of the overtime hours worked by the plaintiff, and it is therefore proper to accept the diaries and estimates prepared by the plaintiff even though they were prepared upon reports prepared by watchmen at the gate, a mile and a half from the plaintiff's place of employment. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Mitchell v. Riley, 5 Cir., 296 F.2d 614, and Wirtz v. Chain Singh, United States District Court of the Canal Zone, May 25, 1965, 243 F.Supp. 239.

6. The contract in question, PC–2–862, was covered by the Davis-Bacon Act, 40 U.S.C., 276a, and also by the Fair Labor Standards Act of 1938 as amended, which is Chapter 8 of Title 29, U.S.C. The fact that the General Services Administration Contract covering the work makes specific reference to the overtime provisions of the Contract Work Hours Standards Act and does not refer to the overtime provisions of the Fair Labor Standards Act would not affect the applicability of the Fair Labor Standards Act. The Contract Work Hours Standards Act is intended to assure certain work standards on said Government contracts and as a matter of course is generally embodied in those contracts. There is nothing, however, in the Contract Work Hours Standards Act which indicates in any way that it is intended to be substituted for the Fair Labor Standards Act, nor would it be necessary for the Fair Labor Standards Act to be directly referred to in the contract in order for it to apply.

7. The fact that the plaintiff's diaries were based upon notes made by watchmen a mile and a half from his place of work and there is no estimate of travel time that is deducted establishes that the hours claimed are very ample. This, together with defendants' attempt to compensate him for the extra time worked by the $10 raise in pay plus plaintiff's failure to actively pursue his

claim for overtime while employed although he worked for more than a year after being advised by the Department of Labor that he was entitled to be paid, deprives him of any entitlement to liquidated damages. He was a payroll employee and any knowledge that he had that the payrolls were not being properly prepared should have been transmitted to his superiors. The evidence not only negates that but shows that he gave every appearance of being satisfied with his wages and hours during the work period and made no claim until after the contract was over. Under these circumstances an employee should not be permitted to lie in wait and then cry damage.

8. Plaintiff is entitled to recover the sum of $3,475.88 for his unpaid compensation and the further sum of $1,700.-00 for his attorney fees, and the costs of this action.

Judgment is directed to be prepared in accordance with these findings.