W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AIRE FRIO, S.A., a Corporation, Defendant.

Civ. A. No. 6400.

District Court, Canal Zone, Division Balboa.

Jan. 23, 1968.

Morton J. Marks, Regional Atty., United States Dept. of Labor, Santurce, P. R., for plaintiff.

De Castro & Robles, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by W. Willard Wirtz, Secretary of Labor, United States Department of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, to enjoin defendant Aire Frio, S. A., a corporation, from violating the provisions of Section 15(a) (2) of the Act, including the restraint of any withholding of minimum wages and overtime compensation found by the Court to be due to employees of the defendant under the Act.

The case came on before the Court on January 23, 1968, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendant by Woodrow de Castro. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, plaintiff's interroga-

tories and defendant's answers thereto, and being otherwise fully advised in the premises, the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Plaintiff, W. Willard Wirtz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities, and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act.

2. Defendant Aire Frio, S. A., is, and at all times hereinafter mentioned was, a Panamanian corporation, engaged in the construction business both in the Republic of Panama, and in the Canal Zone.

3. a. During the period from September 25, 1965 to August 30, 1967, defendant has been the employer of approximately 56 employees engaged in the construction, reconstruction, maintenance, repair, alteration, and modification of structures and facilities located within the Canal Zone, which structures and facilities are essential to the efficient use and defense of the Panama Canal and said Canal Zone.

b. During the period from September 25, 1965 to August 30, 1967, defendant has also been the employer of employees engaged in the construction, reconstruction, maintenance, repair, alteration, and modification of structures and facilities located in the Republic of Panama.

c. At all times hereinabove mentioned, the business activities of defendant referred to in subparagraphs "a" and "b" hereof were and are related and were and are performed as a unified operation under common control for a common business purpose, and defendant had and has an annual gross volume from the aforesaid construction and reconstruction business of not less than $350,000.00.

d. The business activities described in subparagraph "c" hereof constitute an enterprise engaged in commerce within the meaning of Sections 3(r) and 3(s) of the Act.

4. a. During the period from September 25, 1965 to August 30, 1967, defendant has violated the provisions of Sections 6 and 15(a) (2) of the Act by paying to certain of its employees during workweeks in which they were engaged in commerce and in the production of goods for commerce within the meaning of the Act wages at rates less than those prescribed by the Act.

b. During the period since September 25, 1965, defendant has violated the provisions of Sections 6 and 15(a) (2) of the Act by paying to certain of its employees during workweeks in which they were engaged in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act wages at rates less than those prescribed by the Act.

5. a. During the period from September 25, 1965 to August 30, 1967, defendant has violated the provisions of Sections 7(a) (1) and 15(a) (2) of the Act by employing certain of its employees in commerce and in the production of goods for commerce within the meaning of the Act for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours a week at a rate not less than one and one-half times the regular rate or rates at which they were employed.

b. During the period since September 25, 1965, defendant has violated the provisions of Sections 7(a) (2) and 15(a) (2) of the Act by employing many of its employees in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act for workweeks longer than forty (40) hours without compensating such employees for their employ-

ment in excess of forty (40) hours during each such workweek at a rate not less than one and one-half times the regular rate or rates at which they were employed.

6. As a result of the practices referred to in Findings of Fact Nos. 4 and 5 hereof, there is due and owing from defendant to its following named employees unpaid wages for the period beginning September 25, 1965 and ending August 30, 1967, in the amounts set forth opposite their names, in the total sum of $4,442.44, to wit:

| NAME | TOTAL AMOUNT FOUND DUE |
|---|---|
| Alfredo Almanza Barrios | $ 14.29 |
| Alfredo Almanza (Padre) | 178.11 |
| Alberto Arturo Ardine | 93.68 |
| Alfredo Arosemena | 301.04 |
| Luciano Avila | 826.44 |
| Alvaro Bonilla | 57.95 |
| Luis Castillo | 8.40 |
| Carlos Contreras Pinel | 49.22 |
| Jose Pablo de Gracia | 5.22 |
| Ricardo de Leon | 28.02 |
| Jose P. Diaz | 1,004.05 |
| Agustin Dominguez | 14.94 |
| Cirilo Dominguez | 38.32 |
| Alcibiades Endara | 61.82 |
| Federico Folks | 39.46 |
| Alberto Fossatti | 172.99 |
| Manuel E. Guevara | 13.55 |
| Jose Maria Fossatti | 129.42 |
| Francisco Lopez | 88.53 |
| Agileo Marin | 29.42 |
| Guillermo Mendez | 7.51 |
| Ricardo Moro | 198.63 |
| Rogelio Munoz | 139.89 |
| Clovis E. Nunez | 258.63 |
| Justino Olmos | 32.33 |
| Humberto Padilla Hernandez | 28.79 |
| Gregorio Perez | 34.82 |
| Jose Quintana | 7.62 |
| Cristobal Rodriguez | 11.82 |
| Jose Rosales | 17.51 |
| Emilio Samuels | 95.48 |
| Aquilino Santa Maria | 223.82 |
| Roberto Sevillano | 12.65 |
| Elias Sosa | 50.58 |
| Guillermo Thompson | 16.52 |
| Joaquin Ubarte | 60.35 |
| Carlos Vazquez | 5.00 |
| Virgilio Vazquez | 74.45 |
| Erasmo Vega | 11.17 |

7. The unpaid wages referred to in Finding of Fact No. 6 hereof represent the difference between the total amounts of wages paid by defendant and the total amounts of wages which defendant should have paid to each of the employees enumerated in Finding of Fact No. 6 hereof.

8. Defendant's violative acts and conduct, described in Findings of Fact Nos. 4 and 5 hereof, arose principally as a result of defendant's practice of making deductions from the wages of certain of its employees for certain fringe benefit payments pertaining to the Labor Code and Law of the Republic of Panama.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended: 29 U.S.C. § 201 *et seq.*), hereinafter called the Act.

2. During the period from September 25, 1965 to August 30, 1967, defendant employed the persons named in Finding of Fact No. 6 hereof in commerce within the meaning of the Act. Mitchell v. Lublin McGaughy and Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243; Mitchell v. Empire Gas Engineering Co., 256 F.2d 781 (C.A. 5); Mitchell v. Blanchard, 272 F.2d 574 (C.A. 5); Mitchell v. Ballenger Paving Co., 299 F.2d 297 (C.A. 5). Said employees were also employed by an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act. Wirtz v. Allen Green and Associates, Inc., 379 F.2d 198 (C.A. 6); Wirtz v. Compania de Servicios Electricos et al., 56 LC Par. 31,952; 18 WH Cases 116 (not officially reported; D.C. Canal Zone (1967)).

3. Defendant has violated the provisions of Sections 6 and 15(a) (2) of the Act by paying certain of its em-

ployees less than the minimum wage applicable to their employment under the Act.

4. Defendant has violated the provisions of Sections 7 and 15(a) (2) of the Act by failing to pay certain of its employees at rates not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

5. Plaintiff is entitled to judgment enjoining defendant from violating the provisions of Sections 6, 7 and 15(a) (2) of the Act. Mitchell v. Pidcock, 299 F.2d 281 (C.A. 5); Goldberg v. Cockrell, 303 F.2d 811 (C.A. 5); Mitchell v. Hausman, 261 F.2d 778 (C.A. 5); Mitchell v. Ballenger Paving Co., 299 F.2d 297 (C.A. 5); Wirtz v. Chain Singh, 243 F.Supp. 239 (C.A. 5 1965).

Let Judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

The above-entitled action came before the Court on January 23, 1968, the plaintiff appearing by his attorney, Morton J. Marks, and the defendant by his attorney, Woodrow de Castro, and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown;

It is ordered, adjudged, and decreed that defendant Aire Frio, S. A., its agents, servants, employees, and those persons in active concert or participation with them, be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

(1) Defendant shall not, contrary to Section 6(c) of the Act, fail to pay to any of its employees engaged in commerce or in an enterprise engaged in commerce, within the meaning of the Act, wages at less than the minimum rate applicable under the Act.

(2) Defendant shall not, contrary to Section 7(a) (1) of the Act, employ any of its employees who in any workweek is employed in commerce or in an enterprise engaged in commerce within the meaning of the Act for workweeks longer than forty (40) hours without compensating each such employee for his employment in excess of forty (40) hours at rates not less than one and one-half times the regular rates at which he is employed.

(3) Defendant shall not withhold payment of the minimum wages and overtime compensation hereby found to be due to the employees of defendant enumerated in Finding of Fact No. 6 hereof in the total amount of $4,442.44.

(4) The provisions of paragraph (3) of this judgment shall be deemed satisfied if the defendant delivers to the plaintiff a certified check payable to "Wage and Hour Division, U. S. Department of Labor" in the total amount set forth above, or in such other manner as is specifically authorized by plaintiff, together with the last known address of each employee to whom wages have been herein found to be due.

(5) The proceeds of the check referred to in paragraph (4) hereof will be distributed to the persons enumerated in Finding of Fact No. 6, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

(6) Defendant shall not request, solicit, suggest, or coerce directly or indirectly, any present or former employee enumerated in Finding of Fact No. 6 to return or to offer to return to the defendant or to someone else for the defendant any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor

accept or receive from any such present or former employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor discharge or in any other manner discriminate against any such present or former employee because such employee has received or retained money due to him from the defendant under the provisions of the Act.

It is further ordered that no costs or disbursements be allowed.