**George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**ATLANTIC BUS SERVICE, INC., a Corporation, Defendant.**

**Civ. No. 3020.**

District Court, Canal Zone
Division Cristobal.

Oct. 10, 1969.

Morton J. Marks, Regional Atty., U. S. Dept. of Labor, Santurce, P. R., for plaintiff.

Henry L. Newell, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by George P. Shultz, Secretary of Labor, United States Department of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, to enjoin defendant Atlantic Bus Service, Inc., a corporation, from violating the provisions of Section 15(a) (2) of the Act, including the restraint of any withholding of minimum wages and overtime compensation found by the Court to be due to employees of the defendant under the Act.

The case came on before the Court on October 10, 1969, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendant by Henry L. Newell. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises, the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff, George P. Shultz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities, and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 et seq.), hereinafter referred to as the Act.

2. Defendant Atlantic Bus Service, Inc. is, and at all times hereinafter mentioned was, a Panamanian corporation engaged in the transportation of passengers between various points located within the Canal Zone, within the jurisdiction of this Court.

3. At all times hereinafter mentioned defendant employed and it is employing in and about Cristobal and elsewhere within the Canal Zone employees in connection with the transportation of passengers from Gatun Landing to Fort Davis and between Cristobal and Fort Gulick, Fort Davis and Fort Sherman, all of which places are located within the Canal Zone.

4. (a) During the period since October 11, 1967, defendant has paid certain of its employees working in connection with the transportation of passengers from Gatun Landing to Fort Davis, as referred to in Finding of Fact No. 3 hereof, for workweeks during which they have been engaged in commerce wages at rates less than those required to be paid by Section 6(a) (1) of the Act.

(b) During the period since October 11, 1967, defendant has violated the provisions of Sections 7(a) (1) and 15(a)

(2) of the Act by employing certain of its employees, referred to in Finding of Fact No. 3, in commerce within the meaning of the Act for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours a week at a rate not less than one and one-half times the regular rate or rates at which they were employed.

5. As a result of the practices referred to in Finding of Fact No. 4 hereof, there are due and owing from defendant to its following named employees unpaid wages for the period beginning October 11, 1967 and ending October 1, 1969, in the amounts set forth opposite their names and in the total sum of $23,677.62, to wit:

| Name | Total Amount Found Due |
|---|---|
| Teofilo Aguirre | $ 9.00 |
| Juan V. Blandford | 573.60 |
| Veridiana Carrasco | 2109.95 |
| Audley Coward | 743.69 |
| Victor Gavalo | 16.50 |
| Wilfred Hoyt | 1841.04 |
| Ricardo Jolliffe | 2426.98 |
| Francisco Lee | 16.03 |
| Alfonso Lindsey | 12.00 |
| Vincent Litchmore | 27.04 |
| Frank Mason | 651.20 |
| James McPherson | 2510.43 |
| Leopoldo Nash | 121.49 |
| Miguel Nieves Rodriguez | 65.60 |
| Daniel Ortiz | 608.26 |
| Donaciano Ortiz | 2023.96 |
| Carlos Pascual | 38.25 |
| Clifford H. Samuels | 60.00 |
| Miguel Sanchez | 531.93 |
| Cristobal Santamaria | 346.14 |
| Clifford Smith | 2250.10 |
| Herbert Stewart | 2411.68 |
| Milton Stewart | 23.70 |
| Enrique Tam | 1372.40 |
| Hector Thompson | 400.80 |
| Cirilo Turney | 1793.25 |
| Claudio Wharton | 43.20 |
| Albert C. Wilfries | 650.40 |
| | $23,677.62 |

6. The unpaid wages referred to in Finding of Fact No. 5 hereof represent the difference between the total amount of wages paid by defendant and the total amount of wages which defendant should have paid to each of the employees enumerated in Finding of Fact No. 5 hereof.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended: 29 U.S.C. § 201 et seq.), hereinafter called the Act.

2. During the period from October 11, 1967 to October 1, 1969, defendant employed the persons named in Finding of Fact No. 5 hereof in commerce within the meaning of the Act. Wirtz v. Chain Singh, 243 F.Supp. 239 (Canal Zone, 1965).

3. Defendant has violated the provisions of Sections 6 and 15(a) (2) of the Act by paying certain of its employees less than the minimum wage applicable to their employment under the Act.

4. Defendant has violated the provisions of Sections 7 and 15(a) (2) of the Act by failing to pay certain of its employees at rates not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in a workweek.

5. Plaintiff is entitled to a judgment enjoining defendant under Section 15(a) (2) of the Act. Wirtz v. Jones, 340 F.2d 901 (C.A. 5); Wirtz v. Chain Singh, 243 F.Supp. 239 (Canal Zone, 1965).

6. Plaintiff is entitled to interest on the accrued back wages found due to each of the above-named employees at the rate of six per cent (6%) from the median point of each employee's period of employment involved until paid. Wirtz v. Chain Singh, 243 F.Supp. 239 (Canal Zone, 1965).

Let judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

The above-entitled action came before the Court on October 10, 1969, the plaintiff appearing by his attorney, Morton J. Marks, and the defendant by its attorney, Henry L. Newell, and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown:

It is ordered, adjudged, and decreed that defendant Atlantic Bus Service, Inc., its agents, servants, employees and those persons in active concert or participation with them, be, and they are hereby enjoined and restrained from violating the provisions of Section 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, in any of the following manners:

(1) Defendant shall not withhold payment of the minimum wages and overtime compensation hereby found to be due to the employees of defendant enumerated in Finding of Fact No. 5 filed herein and totalling $23,677.62, plus interest on such back wages at the rate of six per cent (6%) from the median point of each employee's period of employment involved until paid.

(2) The provisions of paragraph (1) of this judgment shall be satisfied if and when the defendant delivers to the plaintiff, in accordance with the payment plan set forth in the stipulation filed herein, certified checks payable to "Wage and Hour Division, U. S. Department of Labor" in the total amount set forth above, together with the last known address of each employee to whom wages have been herein found to be due.

(3) Plaintiff shall distribute the proceeds of the checks referred to in paragraph (2) hereof to the persons enumerated in Finding of Fact No. 5 herein, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

(4) Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any persent or former employee enumerated in Finding of Fact No. 5 herein to return or to offer to return to the defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor accept or receive from any such present or former employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor discharge or in any other manner discriminate against any such present or former employee because such employee has received or retained money due to him from the defendant under the provisions of this judgment or the Act.

It is further ordered that the stipulation between the parties filed herein be, and it hereby is, incorporated in and made a part of this judgment and that defendant do and perform each and every thing set forth in the said stipulation, and it is

Further ordered that no costs or disbursements be allowed.