Morton J. Marks, Regional Atty., United States Department of Labor, Santurce, P. R., for plaintiff.

Woodrow de Castro, de Castro & Robles, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by George P. Shultz, Secretary of Labor, United States Department of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, to enjoin defendant Arosemena y Brid, S. A., a corporation, from violating the provisions of Section 15(a) (2) of the Act, including the restraint of any withholding of minimum wages and overtime compensation found by the Court to be due to employees of the defendant under the Act.

George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AROSEMENA Y BRID, S. A., a Corporation, Defendant.

Civ. No. 6868.

District Court, Canal Zone, Balboa Division.

Nov. 14, 1969.

The case came on before the Court on November 14, 1969, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendant by Woodrow de Castro. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff, George P. Shultz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities, and au-

thority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act.

2. Defendant Arosemena y Brid, S. A., is, and at all times hereinafter mentioned was, a Panamanian corporation engaged in the transportation of passengers from points in the Republic of Panama to various schools within the Canal Zone, within the jurisdiction of this Court.

3. At all times hereinafter mentioned defendant employed and it is employing in and about Balboa and elsewhere within the Canal Zone employees in connection with the performance of contracts entered into by defendant with the Agency for International Development (AID) and with the United States Department of the Navy for the transportation of school children from a number of locations in the Republic of Panama to various schools within the Canal Zone.

4. (a) During the period since November 16, 1967, defendant has paid certain of its employees referred to in Finding of Fact No. 3 hereof for workweeks during which they have been engaged in commerce within the meaning of the Act wages at rates less than those required to be paid by Section 6(a) (1) of the Act.

(b) During the period since November 16, 1967, defendant has violated the provisions of Section 7(a) (1) and 15(a) (2) of the Act by employing certain of its employees referred to in Finding of Fact No. 3 hereof in commerce within the meaning of the Act for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours a week at a rate not less than one and one-half times the regular rate or rates at which they were employed.

5. As a result of the practices referred to in Finding of Fact No. 4 hereof, there are due and owing from defendant to its following named employees unpaid wages for the period beginning November 16, 1967 and ending November 12, 1969, in the amounts set forth opposite their names and in the total sum of $19,377.00, to wit:

| Name | Total Amount Found Due |
| --- | --- |
| Tomas Alvarez | $366.00 |
| Luis Avila | 223.00 |
| Pablo C. Batista | 105.00 |
| Andres Benitez | 190.00 |
| Angel Bravo | 456.00 |
| Jorge Carrera | 266.00 |
| Virginio Carrera | 1758.00 |
| Divimo Cedeno | 84.00 |
| Juvenal Coronado | 1821.00 |
| Belisario Del Rio | 855.00 |
| Vicente Espinosa | 456.00 |
| Jorge Garcia | 168.00 |
| Jose M. Garcia | 540.00 |
| Gregorio Gonzalez | 418.00 |
| Diego Henriquez | 456.00 |
| Genaro Hidalgo | 456.00 |
| Jorge Ivaldy | 1821.00 |
| Adolfo Lopez | 456.00 |
| Ricardo Navarro | 483.00 |
| Carlos Perez B. | 252.00 |
| Carlos Perez C. | 1800.00 |
| Juan Perez | 1254.00 |
| Carlos Rios Ruiz | 105.00 |
| Rolando Rodriguez | 114.00 |
| Carlos Romero | 42.00 |
| Candelario Salgado | 1716.00 |
| Roberto Sanchez | 21.00 |
| Oscar Tijero | 582.00 |
| Alberto Valderrama | 456.00 |
| Samuel Vargas | 813.00 |
| Florencio Zamora | 190.00 |
| Leonidas Zamora | 456.00 |
| Luis A. Boyez | 198.00 |
| | $ 19,377.00 |

6. The unpaid wages referred to in Finding of Fact No. 5 hereof represent the difference between the total amount of wages paid by defendant and the total amount of wages which defendant should have paid to each of the employees enumerated in Finding of Fact No. 5 hereof.

CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended

(52 Stat. 1060, as amended: 29 U.S.C. § 201 *et seq.*), hereinafter called the Act.

2. During the period from November 16, 1967 to November 12, 1969, defendant employed the persons named in Finding of Fact No. 5 hereof in commerce within the meaning of the Act. Wirtz v. Chain Singh, 243 F.Supp. 239 (D.C.C.Z., 1965); Shultz v. Atlantic Bus Service, Inc., 304 F.Supp. 947 (D.C.C.Z.1969).

3. Defendant has violated the provisions of Sections 6 and 15(a) (2) of the Act by paying certain of its employees less than the minimum wage applicable to their employment under the Act.

4. Defendant has violated the provisions of Sections 7 and 15(a) (2) of the Act by failing to pay certain of its employees at rates not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in a workweek.

5. Plaintiff is entitled to a judgment enjoining defendant under Section 15(a) (2) of the Act. Wirtz v. Jones, 340 F.2d 901 (C.A.5), Wirtz v. Chain Singh, 243 F.Supp. 239 (D.C.C.Z., 1965).

Let judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

The above-entitled action came before the Court on November 14, 1969, the plaintiff appearing by his attorney, Morton J. Marks, and the defendant by its attorney, Woodrow de Castro, and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown:

It is ordered, adjudged, and decreed that defendant Arosemena y Brid, S. A., its officers, agents, servants, employees and those persons in active concert or participation with them, be, and they are hereby, enjoined and restrained from violating the provisions of Section 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, in any of the following manners:

(1) Defendant shall not withhold payment of the minimum wages and overtime compensation hereby found to be due to the employees of defendant enumerated in Finding of Fact No. 5 filed herein and totalling $19,377.00.

(2) The provisions of paragraph (1) of this judgment shall be satisfied if and when the defendant delivers to the plaintiff, in accordance with the terms set forth in the stipulation filed herein, a certified check or checks payable to "Wage and Hour Division, U. S. Department of Labor" in the total amount set forth above, together with the last known address of each employee to whom wages have been herein found to be due.

(3) Plaintiff shall distribute the proceeds of the checks referred to in paragraph (2) hereof to the persons enumerated in Finding of Fact No. 5 herein, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

(4) Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any present or former employee enumerated in Finding of Fact No. 5 herein to return or to offer to return to the defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act, nor accept or receive from any such present or former employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor discharge or in any other manner discriminate against any such present or former employee because such employee has received or retained money due to him from the defendant un-

der the provisions of this judgment or the Act.

It is further ordered that the stipulation between the parties filed herein be, and it hereby is, incorporated in and made a part of this judgment and that defendant do and perform each and every thing set forth in the said stipulation, and it is

Further ordered that no costs or disbursements be allowed.