George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

PANAMA SAND COMPANY, Inc., a Corporation, Defendant.

Civ. No. 6977.

District Court, Canal Zone, Balboa Division.

June 2, 1970.

Morton J. Marks, Regional Atty., Office of Solicitor, United States Dept. of Labor, Santurce, P. R., for plaintiff.

DeCastro & Robles, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by George P. Shultz, Secretary of Labor, United States Department of Labor, under section 17 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, to enjoin defendant Panama Sand Company, Inc., a corporation, from violating the provisions of section 15(a) (2) of the Act, including the restraint of any withholding of the payment of minimum wages and overtime compensation found by the Court to be due to five named employees of the defendant under the Act.

The case came on before the court on June 2, 1970, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendant by Woodrow de Castro. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises, the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Plaintiff, George P. Shultz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities, and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act.

2. (a) At all times hereinafter mentioned, defendant Panama Sand Company, Inc. is and was a corporation doing business within the Canal Zone, within the jurisdiction of this Court.

(b) At all times hereinafter mentioned, defendant Panama Sand Company, Inc. operated and it is operating on office, place of business and storage facility, within the Canal Zone, on land leased from the Panama Canal Company, adjacent to Pier 20 in the Balboa industrial area, in Balboa, Canal Zone.

(c) At all times hereinafter mentioned, defendant Panama Sand Company, Inc. is and was engaged at its aforesaid place of business, and elsewhere, in the

production, sale and distribution of sand, substantially all of which has been and is being received from outside of the Canal Zone. A substantial portion of the sand produced, sold and distributed by defendant, as aforesaid, has been and is being sold and distributed to the Panama Canal Company and to the various branches of the Armed Forces of the United States located within the Canal Zone, for use in the construction, reconstruction, extension, maintenance and repair of instrumentalities and facilities of commerce, such as the Panama Canal, airport facilities, highways and roads. In addition, a substantial portion of the sand produced by defendant has been and is being (1) used for the sandblasting of barges and other equipment utilized in the maintenance of the Canal, and (2) transported, offered for transportation, shipped, delivered and sold from defendant's aforesaid place of business within the Canal Zone to persons and firms located outside of the Canal Zone, and has been and is being shipped, delivered and sold with knowledge that shipment or delivery or sale thereof to persons and firms located outside of the Canal Zone is intended.

3. (a) At all times hereinafter mentioned, defendant has employed approximately fourteen (14) employees in and about its aforesaid place of business in Balboa, Canal Zone, and elsewhere within the Canal Zone, in the production, sale and distribution of sand, as aforesaid.

(b) At all times hereinafter mentioned, defendant employed five (5) of the above-mentioned employees at its place of business in Balboa, Canal Zone, as aforesaid, where they have been engaged in piling, dispatching, and otherwise working on, the sand referred to in paragraph 2(c) hereof. In addition, these said employees maintain production and related equipment used by the defendant in its sand business located in Balboa, Canal Zone, as aforesaid.

4. At all times since June 1, 1968, defendant Panama Sand Company, Inc., employed Santiago McKlean, Ricardo Duran Dionisio Torres, Pedro Reina and Oldemar Portugal, during workweeks in which they were engaged in piling, dispatching, and otherwise working on, sand produced, sold and distributed by defendant Panama Sand Company, Inc., as described in paragraph 2(c) hereof, wages at rates less than $1.60 an hour.

5. Since on or about June 1, 1968, defendant repeatedly violated the provisions of sections 7(a) (1) and 15(a) (2) of the Act by employing its employees referred to in paragraph 3(b) hereof, during workweeks in which they were and are engaged in piling, dispatching, and otherwise working on, sand produced, sold and distributed by defendant, as described in paragraph 2(c) hereof, for workweeks longer than forty (40) hours, without compensating said employees for their employment in excess of forty (40) hours during such workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.

6. As a result of the practices referred to in Findings of Fact No. 4 and 5 hereof, there are due and owing from defendant to its following named employees unpaid wages for the period beginning June 1, 1968 and ending May 30, 1970, in the amounts set forth opposite their names and in the total sum of $13,135.60, to wit:

| Name of Employee | Total Amount Found Due |
|---|---|
| Sanitago McKlean | $ 3,970.20 |
| Ricardo Duran | 3,247.40 |
| Dionisio Torres | 4,762.10 |
| Pedro Reina | 543.90 |
| Oldemar Portugal | 612.00 |

7. The unpaid wages referred to in Finding of Fact No. 6 hereof represent the difference between the total amount of wages paid by defendant and the total amount of wages which defendants should have paid to each of the employees enumerated in Finding of Fact No. 6 hereof.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this

cause, pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter called the Act.

2. During the period set forth in Finding of Fact No. 6 hereof, defendant employed the persons named in said Finding of Fact in commerce and in the production of goods for commerce, within the meaning of the Act. Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Mitchell v. Hooper Equipment Co., 279 F.2d 893 (C.A.5); Wirtz v. Chain Singh, 243 F. Supp. 239 (D.C. Canal Zone, 1965).

3. Defendant has violated the provisions of sections 6 and 15(a) (2) of the Act by failing to pay its employees named in Finding of Fact No. 6 hereof wages at rates not less than $1.60 an hour.

4. Defendant has violated the provisions of sections 7 and 15(a) (2) of the Act by failing to pay its employees named in Finding of Fact No. 6 hereof at rates not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

5. Plaintiff is entitled to a judgment enjoining defendant under section 15(a) (2) of the Act. Wirtz v. Jones, 340 F.2d 901 (C.A.5); Wirtz v. Chain Singh, 243 F.Supp. 239 (D.C. Canal Zone, 1965).

Let judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

The above-entitled action came before the Court on June 2, 1970, the plaintiff appearing by his attorney, Morton J. Marks, and the defendant by its attorney, Woodrow de Castro, and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown:

It is ordered, adjudged and decreed that defendant Panama Sand Company, Inc., its officers, agents, servants, employees, and those persons in active concert or participation with them, be, and they hereby are, permanently enjoined and restrained from violating the provisions of section 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, in any of the following manners:

(1) Defendant shall not withhold payment of the minimum wages and overtime compensation hereby found to be due to the employees of defendant enumerated in Finding of Fact No. 6 filed herein and totalling $13,135.60.

(2) The provisions of paragraph (1) of this judgment shall be deemed satisfied if and when the defendant delivers to the plaintiff, in accordance with the terms set forth in the stipulation filed herein, certified checks which total the amount set forth above, together with the last known address of each employee to whom wages have been herein found to be due.

(3) Plaintiff shall distribute the checks referred to in paragraph (2) hereof to the persons enumerated in Finding of Fact No. 6, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

(4) Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any present or former employee enumerated in Finding of Fact No. 6 to return, or to offer to return to the defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor accept or receive from any such present or former employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or

the Act; nor discharge or in any other manner discriminate against any such present or former employee because such employee has received or retained money due to him from the defendant under the provisions of the Act.

It is further ordered that the stipulation between the parties filed herein be, and it hereby is, incorporated in and made a part of this judgment and that defendant do and perform each and every thing set forth in the said stipulation, and it is

Further ordered that no costs or disbursements be allowed.