**Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**WASHETERIAS, S. A., a Corporation, Defendant.**

**Civ. A. No. 6638.**

District Court, D. Canal Zone, Division Balboa.

Nov. 26, 1968.

Morton J. Marks, Regional Atty., United States Dept. of Labor, Santurce, P. R., for plaintiff.

Betty H. Olchin, Balboa, Canal Zone, for defendant.

CROWE, District Judge.

This cause was brought by Willard Wirtz, Secretary of Labor, United States Department of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, to enjoin defendant Washeterias, S.A., a corporation, from violating the provisions of Section 15(a) (2) of the Act, including the restraint of any withholding of minimum wages found by the Court to be due to employees of the defendant under the Act.

The case came on before the Court on November 26, 1968, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendant by Betty H. Olchin. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises, the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff, Willard Wirtz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the only duly appointed Secretary of Labor, United States Department of Labor charged with the duties, responsibilities,

and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act.

2. a. Defendant Washeterias, S.A., is and at all times hereinafter mentioned was, a Panamanian corporation, engaged in the operation of laundries at Albrook Air Force Base, Howard Air Force Base, Fort Clayton, Fort Gulick, and Fort Davis, Canal Zone.

b. At all times hereinafter mentioned, defendant was engaged at its aforesaid places of business in the Canal Zone in laundering clothing or fabrics.

c. A substantial portion of the soaps, detergents, bleaches and other goods used by defendant in laundering such clothing or fabrics has been and is being received in the Canal Zone from places outside thereof and employees of defendant were and are engaged in handling or otherwise working on such soaps, detergents, bleaches and other goods.

3. At all times hereinafter mentioned, the business activities of defendant referred to in Finding of Fact No. 2 hereof were and are related and were and are performed as a unified operation under common control within the meaning of Sections 3(r) and 3(s) (2) of the Act.

4. At all times hereinafter mentioned, defendant has employed at various times approximately twelve (12) employees in and about its said places of business in the Canal Zone in the enterprise referred to in Finding of Fact No. 3 hereof.

5. During the period since February 1, 1967, defendant has paid its employees referred to in Finding of Fact No. 4 hereof, wages at less than those required to be paid by Section 6(b) of the Act.

6. As a result of the practices referred to in Finding of Fact No. 5 hereof, there is due and owing from defendant to its following named employees unpaid wages for the period beginning February 1, 1967 and ending November 20, 1968, in the amounts set forth opposite their names and in the total sum of $10,017.00, to wit:

| Name | Total Amount Found Due |
|---|---|
| Florencia Royal | $ 1,389.00 |
| Gloria Reid | 1,389.00 |
| Josephine Archer | 1,389.00 |
| Hilda Etienne | 1,389.00 |
| Desley Colbert | 607.00 |
| Beverly Barnett | 1,155.00 |
| Alice Graham | 1,155.00 |
| Maritza Small | 965.00 |
| Gina Reese | 192.00 |
| Melvia Samuels | 64.00 |
| Melva Martin | 256.00 |
| Alma Gilten | 67.00 |
| | $10,017.00 |

7. The unpaid wages referred to in Finding of Fact No. 6 hereof represent the difference between the total amount of wages paid by defendant and the total amount of wages which defendant should have paid to each of the employees enumerated in Finding of Fact No. 6 hereof.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended: 29 U.S.C. § 201 et seq.), hereinafter called the Act.

2. During the period from February 1, 1967 to November 20, 1968, defendant employed the persons named in Finding of Fact No. 6 hereof in a enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act. Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968); Wirtz v. Aire Frió, S.A., 57 LC par. 32,004, 18 WH Cases 273 (not officially reported; Canal Zone (1968)); Wirtz v. Compania de Servicios Electricos, 56 LC 31,952; 18 WH Cases 116 (not officially reported; Canal Zone (1967)).

3. Defendant has violated the provisions of Sections 6 and 15(a) (2) of the

Act by paying certain of its employees less than the minimum wage applicable to their employment under the Act.

4. Plaintiff is entitled to a judgment enjoining defendant under Section 15(a) (2) of the Act. Wirtz v. Jones, 340 F.2d 901 (C.A.5); Wirtz v. Chain Singh, 243 F.Supp. 239 (Canal Zone (1965)).

Let judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

The above-entitled action came before the Court on November 26, 1968, the plaintiff appearing by his attorney, Morton J. Marks, and the defendant by his attorney, Betty H. Olchin, and evidence having been received, and the Court having filed its Findings of Fact and Conclusions of Law, and for cause shown:

It is ORDERED, ADJUDGED, and DECREED that defendant Washeterias, S.A., its officers, agents, servants, employees, and those persons in active concert or participation with them, be, and they are hereby, enjoined and restrained from violating the provisions of Section 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, in any of the following manners:

(1) Defendant shall not withhold payment of the minimum wages hereby found to be due to the employees of defendant enumerated in Finding of Fact No. 6 filed herein and totalling $10,017.00.

(2) The provisions of paragraph (1) of this judgment shall be satisfied if and when the defendant delivers to the plaintiff, in accordance with the payment plan set forth in the stipulation filed herein, certified checks payable to "Wage and Hour Division, U. S. Department of Labor" in the total amount set forth above, together with the last known address of each employee to whom wages have been herein found to be due.

(3) Plaintiff shall distribute the proceeds of the check referred to in paragraph (2) hereof to the persons enumerated in Finding of Fact No. 6 herein, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

(4) Defendant shall not request, solicit, suggest, or coerce, directly or indirectly, any present or former employee enumerated in Finding of Fact No. 6 herein to return or to offer to return to the defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor accept or receive from any such present or former employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor discharge or in any other manner discriminate against any such present or former employee because such employee has received or retained money due to him from the defendant under the provisions of this judgment or the Act.

It is further ordered that the stipulation between the parties filed herein be, and it hereby is, incorporated in and made a part of this judgment and that defendant do and perform each and every thing set forth in the said stipulation, and it is

Further ordered that no costs or disbursements be allowed.