George P. SHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

CANAL ZONE BUS SERVICE, INC., a
Corporation, and Contract Services,
Inc., a Corporation, Defendants.

Civ. A. No. 6951.

United States District Court,
D. Canal Zone,
Balboa Division.

April 7, 1970.

Morton J. Marks, Santurce, P. R., for plaintiff.

William J. Sheridan, Jr., Balboa Heights, Canal Zone, for defendants.

CROWE, District Judge.

This cause was brought by George P. Shultz, Secretary of Labor, United States Department of Labor, under section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act, to, among other things, enjoin defendants Canal Zone Bus Service, Inc., a corporation, and Contract Services, Inc., a corporation, from violating the provisions of section 15(a) (2) of the Act, including the restraint of any withholding of minimum wages and overtime compensation found by the Court to be due to employees of the defendants under the Act.

The case came on before the Court on April 7, 1970, at Balboa, Canal Zone, plaintiff being represented by Morton J. Marks and defendants by William J. Sheridan, Jr. Having considered the stipulations of fact entered into by the parties in open court and evidence related thereto, arguments and statements of counsel, the pleadings, and being otherwise fully advised in the premises, the Court does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff, George P. Shultz, hereinafter referred to as plaintiff, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities, and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act.

2. (a) Defendant Canal Zone Bus Service, Inc., is a subsidiary of Auto Service Company, S.A., and is, and at

all times hereinafter mentioned was, a Delaware corporation registered, licensed, and doing business within the Canal Zone and within the jurisdiction of this Court.

(b) At all times hereinafter mentioned, defendant Canal Zone Bus Service, Inc. was and is engaged in the operation of a public franchised motor vehicle transportation system within the Canal Zone.

(c) The public franchised motor vehicle transportation system referred to in Finding of Fact No. 2(b) hereof, includes, among other activities, the transportation of passengers, on a fee basis, to, from, and between designated points within the Canal Zone.

(d) At all times hereinafter mentioned, the final and binding determinations and decisions concerning the operations and policies of defendant Canal Zone Bus Service, Inc. were and are under the direction, authority and control of Mr. Lawrence Adler.

3. (a) Defendant Contract Services, Inc. is a subsidiary of Auto Service Company, S.A., and is, and at all times hereinafter mentioned was, a Delaware corporation registered, licensed, and doing business within the Canal Zone and within the jurisdiction of this Court.

(b) At all times hereinafter mentioned, defendant Contract Services, Inc. was and is engaged in the operation of a contract transportation system by motor vehicle within the Canal Zone.

(c) The contract transportation system referred to in Finding of Fact No. 3(b) hereof includes, among other activities, the transportation by motor bus of school children to and from their homes and the various schools they are attending within the Canal Zone, pursuant to contract with the Armed Forces of the United States of America.

(d) At all times hereinafter mentioned, the final and binding determinations and decisions concerning the operations and policies of defendant Contract Services, Inc. were and are under the

direction, authority and control of Mr. Lawrence Adler.

4. (a) Auto Service Company, S. A., referred to in Findings of Fact numbered 2 and 3 hereof, is and at all times hereinafter mentioned was, a Panamanian corporation with offices located within the Republic of Panama.

(b) At all times hereinafter mentioned, the final and binding determinations and decisions concerning the operations and policies of the aforesaid Auto Service Company, S.A. were and are under the direction, authority and control of Mr. Lawrence Adler.

5. (a) At all times hereinafter mentioned, defendants, and each of them, employed, and they are employing, a number of employees in and about their aforesaid places of business and elsewhere in the Canal Zone in:

(1) Ordering, receiving, unloading, handling, and otherwise working on goods, such as automotive parts, tires and related supplies, received from persons and firms located outside of the Canal Zone;

(2) Transporting, within the Canal Zone, persons engaged in the operation and maintenance of the Panama Canal, the Canal Zone and the various military establishments located within the said Canal Zone;

(3) Transporting, within the Canal Zone, pursuant to contract with the Armed Forces of the United States, dependents of persons engaged in the operation and maintenance of the various military establishments located within the said Canal Zone; and

(4) Operating, maintaining, repairing and otherwise working on motor vehicles used in the transportation of persons to, from, and through points within the Canal Zone.

(b) At all times hereinafter mentioned, many of the employees employed by each defendant herein have been and are individually engaged in commerce and in the production of goods for commerce as defined in sections 3(b) and 3(j) of the Act.

6. (a) At all times hereinafter mentioned, the motor vehicle transportation systems operated by defendant Canal Zone Bus Service, Inc. and defendant Contract Services, Inc. were and are related, and were and are performed under common control for a common business purpose, within the meaning of section 3(r) of the Act.

(b) At all times hereinafter mentioned, the annual gross volume of sales (exclusive of any excise taxes at the retail level which have been or are being separately stated) derived from the motor vehicle transportation business activities of defendants was and is not less than $1,000,000.

(c) At all times hereinafter mentioned, all of the factors necessary to constitute defendants Canal Zone Bus Service, Inc. and Contract Services, Inc. an enterprise engaged in commerce or in the production of goods for commerce, as set forth in sections 3(r) and 3(s) of the Act and as specified in these Findings of Fact, were present.

7. (a) Throughout the period since June 6, 1967, defendants Canal Zone Bus Service, Inc. and Contract Services, Inc. have paid to their employees, referred to in Finding of Fact No. 5 hereof, for workweeks in which they were engaged in commerce or in the production of goods for commerce, wages at rates less than those required to be paid by section 6(a)(1) of the Act.

(b) Throughout the period since June 6, 1967, defendants Canal Zone Bus Service, Inc. and Contract Services, Inc. have paid to their employees for workweeks in which they were employed in an enterprise engaged in commerce or in the production of goods for commerce, referred to in Finding of Fact No. 6 hereof, wages at rates less than those required to be paid by section 6(a)(1) of the Act.

8. (a) Throughout the period since June 6, 1967, defendant Canal Zone Bus Service, Inc. has employed employees referred to in Finding of Fact No. 5 hereof, during workweeks in which they were engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed by the Act (namely, for workweeks longer than (1) forty-four (44) hours during the period ending January 31, 1968, (2) forty-two (42) hours during the period from February 1, 1968 to January 31, 1969, and (3) forty (40) hours since February 1, 1969), without compensating said employees for their employment in excess of these prescribed hours at a rate not less than one and one-half times the regular rate or rates at which they were employed.

(b) Throughout the period since June 6, 1967, defendant Canal Zone Bus Service, Inc. has employed employees in an enterprise engaged in commerce or in the production of goods for commerce, referred to in Finding of Fact No. 6 hereof, for workweeks longer than those prescribed by the Act (namely, for workweeks longer than (1) forty-four (44) hours during the period ending January 31, 1968, (2) forty-two (42) hours during the period from February 1, 1968 to January 31, 1969, and (3) forty (40) hours since February 1, 1969), without compensating said employees for their employment in excess of these prescribed hours at a rate not less than one and one-half times the regular rate or rates at which they were employed.

9. As a result of the practices referred to in Findings of Fact numbered 7 and 8 hereof, there are due and owing from defendants to their following named employees unpaid wages for the period beginning June 6, 1967 and ending March 31, 1970, in the amounts set forth opposite their names and in the total sum of $104,337.11 from defendant Canal Zone Bus Service, Inc. and $42,335.34 from defendant Contract Services, Inc., to wit:

### DUE FROM CANAL ZONE BUS SERVICE, INC.

| Name | Total Amount Found Due |
| --- | --- |
| Carlos Gonzalez | $193.90 |
| Fernando Abrahams | 1278.72 |
| R. Badilla | 1147.46 |
| Mayra Badilla | 1083.28 |
| Jeanette Erinma | 889.12 |
| S. Hamblin | 384.00 |
| Paulina Sanhuerza | 456.00 |
| Joe Slade | 485.60 |
| Marcia Smith | 863.60 |
| Argelia Martinez | 52.18 |
| Angel L. Cruz | 177.30 |
| Fred E. Gray | 6.83 |
| Lucien E. Paulus | 48.98 |
| Robert Brett | 174.83 |
| Nazario Smith | 114.30 |
| George E. Curttendam | 15.00 |
| Earl P. Breaux | 35.10 |
| Mauricio Griffin | 138.60 |
| Charlie L. Collins | 58.35 |
| Jose Del Carmen Ortega | 1432.66 |
| George Brown | 2713.93 |
| Celso Galves | 2261.71 |
| George Bartley | 1899.84 |
| Juan De Dios Montero | 2176.17 |
| Alfred Hinds | 2383.13 |
| Julio E. Perez | 2729.79 |
| Kenneth Roberts | 1375.19 |
| Wilton Rose | 2518.59 |
| Robert Taylor | 1390.14 |
| Edwin Zamora | 2757.24 |
| Bolivar Arrocha | 484.51 |
| Rogelio Bernard | 730.58 |
| Francis Bravo | 532.25 |
| Hilario Brown | 666.20 |
| J. Brown | 912.29 |
| H. Butcher | 716.08 |
| R. Camacho | 464.50 |
| D. Carrasco | 713.55 |
| R. Carrasco | 794.62 |
| C. Costas | 812.55 |
| R. Castro | 588.68 |
| R. De La Torre | 789.62 |
| R. De Leon | 810.13 |
| M. Delgado | 949.18 |
| H. Ferguson | 942.57 |
| A. Faskin | 830.17 |
| M. Garay | 795.65 |
| F. Gonzalez | 846.59 |

## DUE FROM CANAL ZONE BUS SERVICES, INC.

| Name | Total Amount Found Due |
|---|---|
| R. Herrera | 762.70 |
| R. Jaramillo | 935.44 |
| A. Meneses | 567.07 |
| V. Molinar | 991.80 |
| F. Moreno | 722.31 |
| O. Penalba | 804.64 |
| A. Perry | 556.99 |
| H. Phillips | 890.89 |
| Z. Ponce | 832.47 |
| A. Royce | 569.38 |
| E. Samuels | 432.40 |
| L. Sosa | 864.72 |
| V. Sween | 2018.41 |
| F. Tejada | 1058.47 |
| B. Velazquez | 584.83 |
| C. Vergara | 1004.19 |
| Jorge Buchanan | 97.50 |
| Leonard Goldburn | 76.95 |
| Paulino Ortega | 93.32 |
| Aurelio Moreno | 84.37 |
| Isidro Paz | 91.44 |
| Robert Phillips | 25.95 |
| Ernesto Taylor | 24.75 |
| Lenny Warte | 46.38 |
| R. Espina | 243.64 |
| Alejandro Gonzalez | 940.48 |
| Joseph Johnson | 573.37 |
| F. Maldonado | 1860.94 |
| F. Maltez | 2011.80 |
| G. Riquelme | 476.48 |
| C. Rogers | 2173.14 |
| B. Santa Maria | 575.10 |
| V. Solano | 1476.44 |
| R. Williams | 1967.89 |
| M. De Las Casas | 33.44 |
| H. Long | 196.40 |
| F. Murillo | 275.80 |
| T. Saavedra | 196.80 |
| E. Barcenas | 65.60 |
| Luis Archivald | 1969.60 |
| Ch. Belle | 2457.77 |
| E. Salazar | 274.36 |
| W. Burrell | 1522.04 |
| F. Mora | 924.58 |
| Laura Rivas | 629.85 |
| P. Rose | 2184.72 |
| T. Yieri | 1852.96 |
| F. Campbell | 1299.40 |

## DUE FROM CANAL ZONE BUS SERVICES, INC.

| Name | Total Amount Found Due |
|---|---|
| J. Chavanz | 1762.46 |
| C. N. Dixon | 2030.44 |
| Cecilio Payne | 1298.79 |
| R. Aviles | 77.70 |
| R. Bethancourt | 23.33 |
| J. Brown | 184.70 |
| F. Cox | 153.60 |
| R. De Beuville | 92.53 |
| D. Estable | 53.20 |
| Feliciano Galvez | 100.73 |
| D. Giron | 81.00 |
| D. P. Gordon | 228.55 |
| R. Guzman | 71.95 |
| C. Herrera | 399.65 |
| A. Mena | 365.40 |
| J. C. Obregon | 116.40 |
| R. Penalta | 164.35 |
| C. Pinzon | 568.83 |
| Pedro Olmedo Quiros | 598.70 |
| C. Saucedo | 710.40 |
| Gurbancha Sangh | 91.00 |
| N. Singh | 1997.15 |
| E. Vargas | 37.20 |
| P. Torres Vega | 90.40 |
| H. Villareal | 188.78 |
| L. Waldron | 268.53 |
| T. Zamora | 197.14 |
| N. Achis | 1492.55 |
| S. Arancibia | 580.50 |
| D. Barker | 569.90 |
| M. E. Batista | 36.72 |
| M. R. Batista | 2526.01 |
| M. Cueto | 2237.29 |

## DUE FROM CONTRACT SERVICES, INC.

| Name | Total Amount Found Due |
|---|---|
| Luis Barrios | $1471.50 |
| Vivian Bowen | 1578.50 |
| Victor Boyd | 244.80 |
| Benjamin Blackman | 744.80 |
| Everhard Cuney | 324.00 |
| Duncanson Stanley | 883.79 |
| Jeronimo de Freitas | 1589.20 |
| Luis G. Ellis | 273.60 |
| George Green | 212.40 |
| Frank Goodin | 244.80 |

DUE FROM CONTRACT SERVICES, INC.

| Name | Total Amount Found Due |
|------|------------------------|
| Harris Gladstone | 1207.30 |
| David McCollins | 273.60 |
| Carlos McPhan | 1598.60 |
| James H. Gabriel | 1655.16 |
| Gilberto Murillo | 1555.20 |
| Alfonso Niles | 361.80 |
| Jose Rios | 1109.60 |
| Joseph Raid | 1570.70 |
| Reginald Taylor | 1561.07 |
| Carlos Waldron | 250.20 |
| Jose Zorrilla | 1546.60 |
| Clarence Blades | 497.80 |
| Jorge Bowie | 710.80 |
| Albert Branwell | 330.50 |
| Stanley Brayan | 76.80 |
| Federico Chin | 316.50 |
| Ellis Frederick | 1215.30 |
| Edwin Edwards | 413.30 |
| Harold Ferguson | 668.80 |
| Rufus Frederick | 645.30 |
| Carlos Dadel | 64.00 |
| Jose Gonzalez | 64.00 |
| Milton Grant | 664.50 |
| Rudolph Griffith | 188.80 |
| Joseph Griffith | 24.00 |
| Joseph Hall | 462.80 |
| Hastan Harris | 222.10 |
| Arthur Hughes | 185.30 |
| Reginald Johnson | 1104.50 |
| Sergio Jurado | 864.50 |
| Carlos Herrera | 40.00 |
| Hubert Hilton | 134.40 |
| Blas Hone | 64.00 |
| David Richard | 424.40 |
| Kenneth Sealey | 1021.70 |
| Reginald Small | 706.20 |
| Vincent Stearling | 535.20 |
| John Teppin | 578.10 |
| Jose F. Bartoli | 2093.20 |
| Hortensio Long | 1907.34 |
| Mario A. Rodriguez | 521.85 |
| Guillermo Meade | 2105.60 |
| Justin Tousant | 64.00 |
| Courtney Wheatley | 64.00 |
| Delano C. Plummer | 199.20 |
| George Gonzalez | 1970.43 |
| Ana Rita Ramey | 442.90 |
| Myra E. Badillo | 486.00 |

10. The unpaid wages referred to in Finding of Fact No. 9 hereof represent the difference between the total amount of wages paid by defendants and the total amount of wages which defendants should have paid to each of the employees enumerated in Finding of Fact No. 9 hereof.

CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause, pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended: 29 U.S.C. § 201 *et seq.*), hereinafter called the Act.

2. During the period since June 6, 1967, defendants employed the persons named in Finding of Fact No. 9 hereof, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act. Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968); Shultz v. Mack Farland Roofing Co., Inc., 413 F.2d 1296 (C.A.5); Wirtz v. Washeterias, S.A., 304 F.Supp. 624 (D.C.Canal Zone, 1968). Defendants also employed many of these said persons in commerce and in the production of goods for commerce within the meaning of the Act. Shultz v. Atlantic Bus Service, Inc., 304 F.Supp. 947 (D.C.Canal Zone, 1969); Wirtz v. Chain Singh, 243 F.Supp. 239 (D.C.Canal Zone, 1965).

3. Defendants Canal Zone Bus Service, Inc. and Contract Services, Inc. have violated the provisions of sections 6 and 15(a) (2) of the Act by paying certain of their employees less than the minimum wage applicable to their employment under the Act.

4. Defendant Canal Zone Bus Service Inc. has violated the provisions of sections 7 and 15(a) (2) of the Act by failing to pay certain of its employees at rates not less than one and one-half times their regular rates of pay for hours worked in excess of the weekly hours prescribed by the Act.

5. Plaintiff is entitled to a judgment enjoining defendants under

section 15(a) (2) of the Act. Wirtz v. Jones, 340 F.2d 901 (C.A. 5); Wirtz v. Chain Singh, 243 F.Supp. 239 (D.C. Canal Zone, 1965).

Let judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.